IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES ARTHUR NORTH and BOBBIE R. NORTH,<br><br>        Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant | CIVIL ACTION NO.<br>1:15-CV-0091-ODE |

ORDER

Plaintiffs James Arthur North and Bobbie R. North (collectively, "Plaintiffs") brought this medical malpractice action against Defendant United States of America ("Government") pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq. The case is now before the Court on the Government's Corrected Motion to Enforce Settlement [Doc. 34]. For the reasons stated below, the Motion is GRANTED. Plaintiffs request for an evidentiary hearing on the Government's motion is DENIED. The Government is ORDERED to pay Plaintiffs $300,000.00, and the case is DISMISSED WITH PREJUDICE.

I.  **Background**

Unless otherwise noted, the following facts are taken from the Declaration of Paris Wynn [Doc. 34-2] and the exhibits attached to Wynn's declaration [Doc. 34-3].

Plaintiffs originally initiated this lawsuit on January 12, 2015. On June 5, 2015, Plaintiffs' former counsel, Brewster S. Rawls, sent a $3.8 million dollar settlement demand to the Government. The Government responded on June 16, 2015 by

rejecting Plaintiffs' offer and counter-offering $300,000.00 to Plaintiffs in exchange for dismissal of the present action and a complete release. During a July 30, 2015 deposition, Rawls indicated to the Government that he would be traveling the next day to meet with Plaintiffs to discuss the Government's settlement offer. Plaintiffs subsequently authorized Rawls to accept the settlement on August 4, 2015 [Termination Letter, Doc. 39-5]. Rawls subsequently wrote to the Government on August 5, 2015 and stated the following:

> Paris — We have been authorized by the Norths to accept the government's settlement offer of $300,000. Please send me the appropriate settlement agreement at your earliest convenience. How do you suggest we go about notifying the court of the pending resolution? Thanks. Brewster.

[Doc. 34-3 at 16].

Responding to Rawls' email on that same day, the Government provided Rawls with the draft settlement agreement, a Joint Notice of Settlement, and a Joint Stipulation of Dismissal [Id. at 21]. Rawls responded on August 5, 2015, stating that "All this looks fine to me. My only suggestion is that we ask for a 60 day stay or even 90" [Id. at 40].

On August 14, 2015, the Government's counsel contacted Rawls to inquire as to when Plaintiffs would sign the settlement agreement. Rawls reiterated that he had express permission to settle the claim, but was experiencing difficulty in getting his clients to sign the agreement. Nevertheless, Rawls agreed to file the Joint Notice of Settlement. That Joint Notice was filed with this Court on August 15, 2015 [Doc. 30], and the case was stayed for 60 days [Doc. 31].

A series of events occurred on August 19, 2015 which led to the present motion. Attorney Gary P. Bunch entered an appearance on behalf of Plaintiffs [Doc. 32]. The Government contacted Rawls, who indicated that Plaintiffs wanted to back out of the settlement and that Rawls would be withdrawing from the representation. Bunch sent a letter to the Government stating that the claim was not settled, and that Plaintiffs had consented to the settlement while "under duress" because Rawls "threaten[ed] to withdraw if [Plaintiffs] refused to sign the authorization" [Doc. 34-3 at 46].

On August 24, 2015, the Government responded to Bunch's letter, stating that it intended to file a motion to enforce the settlement agreement [Doc. 34-3 at 49]. After receiving no response, the Government filed the present motion.

II. **Legal Standard**

A district court ordinarily has the power to enforce a settlement agreement entered into by litigants while litigation is pending before the Court. Mass. Cas. Ins. Co. v. Forman, 469 F.2d 259, 260 (5th Cir. 1972) (per curiam).[1] Because a settlement agreement is contractual in nature, it is "governed by state law applicable to contracts in general." Blum v. Morgan Guar. Tr. Co. of N.Y., 709 F.2d 1463, 1467 (11th Cir. 1983). The parties agree that the settlement is governed by Georgia contractual law.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding all decisions of the former Fifth Circuit issued on or before September 30, 1981.

3

Under Georgia law, a contract is formed so long as the following four elements are present: (1) parties that are able to contract; (2) consideration; (3) mutual assent of terms; and (4) subject matter of the contract. See O.G.C.A. § 13-3-1. The party asserting the existence of a contract has the burden of proving its existence and its terms. Tillman v. Mejabi, 331 Ga. App. 415, 418 (Ga. Ct. App. 2015).

III. **Discussion**

As the party asserting the existence of the settlement, the Government carries the burden to prove that Plaintiffs and the Government entered into the settlement agreement. To meet that burden, the Government presents two separate series of emails demonstrating the formation of a contract. First, the Government presents its July 16, 2015 email to Brewster S. Rawls, in which it concludes the email by stating "we are prepared to recommend that the United States settle Plaintiffs' claims on the following terms — a payment of $300,000 to Plaintiffs, in return for a dismissal with prejudice and an appropriate release" [Doc. 34-3 at 10-12]. In response, Rawls wrote on August 5, 2015 that "[w]e have been authorized by the Norths to accept the government's settlement offer of $300,000" [Id. at 16].

The second series of emails occurred on August 5, 2015. In response to Rawls' acceptance of the settlement, the Government sent Rawls an email containing an attachment with a draft settlement agreement [Id. at 21]. That draft settlement contained the terms of the $300,000 payment to Plaintiffs [Id. at 23]. In return for this payment, Plaintiffs settled all claims and released the Government of all liability stemming from Plaintiffs'

claims [Id. at 23-26]. In response to this email, Rawls wrote that "[a]ll looks fine to me" [Id. at 40]. Based on these facts, the Government argues that an enforceable settlement agreement existed between Plaintiffs and the Government.

Plaintiffs do not dispute the above facts. They now argue that Rawls did not have authority to enter into the settlement agreement on their behalf. Although Plaintiffs present evidence that they expressly authorized Rawls to enter into the settlement on August 4, they now argue that their authorization was obtained while they were under duress from Rawls. To demonstrate the duress Rawls placed them in, Plaintiffs present a heavily redacted letter from Rawls, dated August 3, 2015, in which he states that if Plaintiffs did not authorize Rawls to settle the claim for $300,000.00 by August 5, 2015, Rawls would withdraw as counsel [Doc. 39-3]. The letter also insinuated that Plaintiffs would have to retain new counsel quickly in the event that Rawls withdrew [Id.]. Plaintiffs also present a different heavily redacted letter from Rawls, dated August 17, 2015, which they claim demonstrates that Rawls tried to coerce Plaintiffs into signing the draft settlement agreement [Doc. 39-4]. The letter states that Rawls would withdraw from representation, claims that Plaintiffs will have difficulty finding new counsel, and stresses the difficulty of handling medical malpractice cases without a lawyer [Id.]. In response to this letter, Plaintiffs wrote to Rawls to state that (1) Plaintiffs revoked the authorization to settle they signed on August 4, 2015 and (2) Rawls was terminated as counsel [Doc. 39-5].

As a threshold matter, Plaintiffs request an evidentiary hearing about the facts which led to their alleged duress. The Court may hold an evidentiary hearing if material facts concerning the existence or enforceability of the settlement agreement are in dispute. Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483, 1486 (11th Cir. 1994). But the Court does not find any of the facts material to its holding to be in dispute. Accordingly, the Court DENIES Plaintiffs' request for a hearing, and proceeds to the merits of the Government's claim.

The evidence demonstrates, and the Court holds, that Plaintiffs and the Government entered into an enforceable settlement agreement on August 5, 2015. Plaintiffs do not dispute that there was consideration and mutual assent to the settlement agreement, and the Court finds that both existed. Further, the subject matter of the contract does not invalidate the contract. The only issue at dispute is whether Rawls was a party able to contract on behalf of the Plaintiffs.

As counsel for the Plaintiffs, Rawls had both actual and apparent authority to settle the case. Plaintiffs do not dispute that they gave actual authority to Rawls to settle the case: their own evidence demonstrates that they authorized Rawls to settle the case on August 4, 2015 [Doc. 39-5]. Further, Rawls had apparent authority to enter into the settlement. An attorney has apparent authority to enter into an agreement on behalf of his client. Patel v. Patel, 327 Ga. App. 733, 736 (Ga. Ct. App. 2014). This apparent authority is plenary, unless it is both limited by the client and that limitation is communicated to opposing parties. Anderson v. Atlanta Ind. Sch. Sys., 321 Ga. App. 710, 711 n.2 (Ga.

Ct. App. 2013 (citing Brumbelow v. N. Propane Gas Co., 251 Ga. 674, 674-75 (Ga. 1983)). The earliest that the Government could have known that Plaintiffs limited Rawls' authority to settle was August 19, 2015, when Rawls communicated that he was being substituted and Bunch alleged that Rawls obtained Plaintiffs' consent through duress [Doc. 34-3 at 36-37]. But this limitation was communicated two weeks after the parties entered into the settlement agreement. Accordingly, Rawls had both actual and apparent authority at the time the Government communicated its settlement offer, and his acceptance of the terms of the settlement bound Plaintiffs. Stephens v. Alan V. Mock Constr. Co., 302 Ga. App. 280 (Ga. Ct. App. 2010).

Because the Government has demonstrated all elements of the formation of a contract under Georgia law, the terms of the draft settlement shall control. The terms of the draft settlement state that the Plaintiffs shall received $300,000.00 for the settlement of their claims. In return for that payment, Plaintiffs agree to settle their current claims and release the Government from any future liability. The Government is accordingly ORDERED to pay Plaintiffs $300,000, and the case is DISMISSED WITH PREJUDICE.

IV. Conclusion

For the reasons stated above, the United States of America's Motion to Enforce Settlement is GRANTED. Plaintiffs James Arthur North and Bobbie R. North's request for an evidentiary hearing on the Government's motion is DENIED. The Government is ORDERED to pay Plaintiffs $300,000, and the case is DISMISSED WITH PREJUDICE.

SO ORDERED, this  10  day of February, 2016.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE